# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-12056-PBS |
| ) | |
| JEFFREY SHIELDS, ) | |
| ) | |
| Respondent. ) | |

## ORDER OF CONDITIONAL RELEASE PURSUANT TO 18 U.S.C. § 4248(e)

By Order dated February 12, 2009 [D. 199], Jeffrey Shields was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4248(d), until his condition was such that he would no longer be sexually dangerous to others, or, until his condition was such that he would not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment.

On June 10, 2010, pursuant to 18 U.S.C. § 4247(h), Shields moved for a hearing on whether he could be safely released to the community. [D. 219].

This Court, having reviewed the opinions of both treating and forensic psychologists, and after hearing the evidence, grants Shields' motion and concludes that Shields has recovered from his mental disease or defect to the extent that his release under a prescribed regimen of medical, psychiatric or psychological treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, and may be conditionally released under the following prescribed regimen of medical, psychiatric and psychological care as set forth in this Order.

Therefore, it is hereby ORDERED, pursuant to the provisions of 18 U.S.C. § 4248(e) that Shields be conditionally released under the following specific regimen of care and treatment as detailed and prescribed by his mental health providers:

1.   Shields' whereabouts will be monitored using Global Positioning System (GPS) for a period of no less that six months.[1]

2.   Shields will not reside with any minors.  Shields residence should not be in the immediate area where minors congregate without parental or adult supervision.

3.   Shields will reside in a structured living environment where he can receive case management and offender reentry services such as occupational counseling and assistance, personal finance management, etc.  This period of structured living will be for at least one year.

4.   Shields' contact with any minors must be approved by his community release team coordinator.  Contact is defined herein as in-person contact, or via correspondence, telephone, or any other electronic means.

   a.   If deemed necessary by the release team, Shields' contact with minors will be directly supervised by a responsible adult or chaperone.  This person must be approved by the community release team.  The responsible adult should:

      i.   Be made explicitly aware of Shields' criminal history and sexual risk factors;

      ii.  Receive explicit instructions to immediately report any deviations from the terms of this release plan.

---

[1] The United States Probation Office in Massachusetts does not have the capability to implement this condition.  It is the Court's understanding, and Order, that this condition will be implemented by the United States Probation Office in Maine should Shields transfer to the Pharos House in Maine.

5. Shields will not reside with anyone who presents a significant risk factor, sexual or otherwise, as judged by his release team.

6. Shields will provide a list of all potential visitors to his home. The appropriateness of each visitor should be carefully assessed by his community release team.

7. Shields will refrain from accepting or seeking civic, religious, or other voluntary positions where he may be in a position of authority or influence over children and their families.

8. Shields will not associate with anyone, except while in a treatment program or structured living environment (e.g., sober living house), who is known to be a sex offender or someone who condones or supports sexual abuse and exploitation of others.

9. The following may threaten the management of Shields' sobriety and/or sexual deviance disorder. Accordingly, Shields is prohibited from possessing:

   a. Sexually explicit and/or obscene materials or paraphernalia, whether written, printed, photographed, electronic, computerized, or recorded;

   b. Anything that overly promotes or glamorizes criminal activity; and

   c. Anything that overly promotes or supports child-adult sexual relations.

10. Shields will not frequent, patronize or be seen in or around places or establishments that promote sex trade or sell pornography.

11. Shields will not loiter in public restrooms or around places where minors congregate, such as arcades, schools, amusement parks, skateboard parks, water parks, etc.

   a. In order to attend an event where unsupervised minors may be present, Shields must first obtain permission from his release team and have an approved chaperone.

12. Shields will not operate any personal computer or other electronic device (e.g., cell

phone, gaming system) with Internet access, unless it has been approved by the community release team; and

    a. Appropriate monitoring and filtering software have been installed, and/or

    b. Appropriate user controls/restrictions have been placed in the device.

13. Shields' employment should be carefully screened by the release team. His employer should be notified of relevant risk factors, as determined by the community release team.

    a. His job should not permit direct contact with or supervision of minors;

    b. He should not work (ideally) in any position that requires him to handle or serve alcohol[2];

    c. If his job requires Internet access, additional conditions may be stipulated (e.g., placing his workstation in view of others, installing monitoring/filtering software).

14. Shields will participate in the following aftercare treatment and support services:

    a. Weekly attendance in Alcoholic Anonymous meeting;

    b. Weekly attendance in an <u>aftercare</u>, relapse prevention-focused group for sex offenders;

        i. The treatment provider should be a mental health professional judged to have adequate clinical experience treating sex offenders;

    c. continued psychopharmacological treatment with appropriate psychiatric monitoring;

---

[2] Shields should aspire to be employed in an occupation where he does not have to handle alcohol. However, if other jobs are not available, he should be permitted to be employed in the restaurant or hospitality industry at least on a temporary basis or until he can find another job.

     j. The current treatment includes fluoxetine (Prozac) 40 mg/day; and

  d. Individual therapy, as needed.

15. Shields should receive regular Maintenance Polygraph Examinations to monitor his compliance with the conditions of conditional release.

  a. The exams should be conducted approximately once every six months (or more frequently, as determined by the release team).

16. Shields will have a late night curfew for the first six months of conditional release (10 p.m. to 6 a.m.). The curfew should be modified and/or discontinued in a manner consistent with his clinical progress and successful community reintegration.

17. Shields will keep a driving log which documents his vehicular travel destination, mileage, routes and times. This log should be turned in to his release team coordinator on a bi-weekly basis.

18. Shields will keep a weekly log of all activities and locations where those activities took place. This log should be turned in to his release team coordinator on a weekly basis.

19. Shields will not consume or possess alcoholic beverages.

  a. He will also be subject to random breathalyzer tests and urinalysis (also to screen for drug use).

20. Shields shall at all times readily submit to a search of his residence, and of any other premises under his dominion and control, by his supervising officer, upon the officer's request when the officer has reasonable basis to believe that such a search will lead to the discovery of evidence of violation of the terms of supervised release, including pornographic materials that Defendant is prohibited from possessing under the rules of his sex offender treatment program.

21. Shields will remain under the supervision of the United States Probation Office until

he is discharged from these conditions.

22.  Any party requesting modification or termination of the conditions of release shall submit adequate documentation supporting the request through the United States Probation Office for a determination.

23.  The United States Marshals Service shall be notified to return Shields to the custody of the Attorney General if it is determined that Shields has violated any conditions which are established for him.

24.  Shields shall comply with other conditions of release imposed by the District of Maine in connection with Shields' supervised release.

It is further ORDERED, pursuant to the provisions of 18 U.S.C. §3603(8) and (10), that Shields' release under these conditions shall be supervised by United States Probation, that United States Probation shall report to the Court as provided in those provisions, and, that United States Probation shall also provide annual reports to this Court concerning Shields' compliance with the conditions of release.

It is further ORDERED that United States Probation may seek modification of these conditions, and, that Shields may petition the Court for modification of these conditions.

SO ORDERED, on this the 9 day of June, 2011.

*[signature]*

United States District Court