# EXHIBIT B

## Swomley & Tennen, LLP
Attorneys At Law
227 Lewis Wharf, Boston, MA 02110
(617)227-9443   (617)227-8059(f)
www.swomleyandtennen.com

John G. Swomley*  Eric Tennen
Scott A. Katz  Devon D. Hincapie
*Also Admitted in New York

September 14, 2010

Lincoln Hathaway
U.S. Probation Office
400 Congress Street
Portland, ME 04101

  Re:  Jeffrey Shields (Transfer of Probation)

Dear Probation Officer Hathaway,

  I am writing on behalf of Jeffrey Shields to formally request that his probation be transferred from your office to the Boston, MA office. As you know, Mr. Shields is currently on supervised release for a criminal matter in Maine and, simultaneously, on conditional release for his civil commitment out of Boston, MA. His conditions of release are guided, largely, by the conditions imposed through his civil commitment by Judge Saris here in Boston. The conditions were carefully crafted by Dr. Hernandez, the Bureau of Prisons' treating and evaluating psychologist, and approved by the Court. They are also more onerous than those imposed in the criminal matter.

  Unfortunately, it appears that the circumstances in Maine do not give full effect to the conditions that all parties believed were necessary to properly supervise Mr. Shields. Additionally, Mr. Shields feels strongly that, in order to comply fully with the spirit and letter of the conditions, he needs access to more resources than are offered in Maine. Based on his experience in Boston, he was getting those resources before and can have access to them again if he returns here. Accordingly, it appears a transfer back to Boston is appropriate.

  Perhaps the most important conditions involve Mr. Shields' aftercare treatment. The treatment he is receiving in Maine is, quite frankly, far less extensive and effective than what he had access to in Boston. In Boston, he was working with Dr. John Cusak for both individual and group counseling. Dr. Cusak is a highly experienced psychologist. The group Dr. Cusak runs was geared exactly towards Mr. Shields' need: it was a highly sophisticated, sex offender therapy group. In Maine, the group Mr. Shields attends is led by a licensed social worker. Moreover, the group is extremely large (approximately 20 men) and the most that is ever discussed are here and now problems. Each man, including

1

Mr. Shields, has an extremely limited time to present and when they do it is limited to everyday problems. The group is better seen as a "check-in" group and is not providing him with any substantive therapy.

Additionally, he was scheduled to meet with Dr. Cusak for weekly individual sessions. In Maine, he has only met with his individual therapist once and she indicated that she would be meeting with Mr. Shields, at most, once or twice a month.

In Boston, Mr. Shields had also met with Dr. Martin Kafka, a nationally renowned expert psychiatrist. Mr. Shields has psycho-pharmacological needs that Dr. Kafka is especially trained to deal with. Dr.Kafka had already given Mr. Shields a range of testing and had recommended further services. In Maine, Mr. Shields has never seen a psychiatrist and does not even have an appointment to meet with one.

Thus, the kind of aftercare available in Maine for Mr. Shields is nowhere as good as what is available in Boston. Regardless of quality, it is simply not enough to provide Mr. Shields with what he needs.

In Boston, Mr. Shields had health insurance (Mass. Health). This allowed him to obtain, free of charge, necessary medications and other medical services. In Maine, he has no health insurance. The only way he is able to obtain his needed prescriptions is by going to the office of general assistance to get a voucher, a process that is lengthy and unfeasible should he ever find employment. And, regardless, without health insurance he is unable to access any medical assistance, something which was a great benefit to him in Boston.

Lastly, one of the biggest problems in Maine is that Mr. Shields lacks any real support system. In Boston, he was attending two Sex and Love Addicts Anonymous (SLAA) meetings a week; in Maine, that is not available. In Boston, he was attending seven Alcohol Anonymous (AA) meetings a week specifically for the Gay, Bisexual, Lesbian, and Transsexual ("GBLT") community; in Maine, he is only permitted to attend regular AA meetings and one GBLT meeting a week. These meetings, in Boston, were an important source of support for Mr. Shields as he was interacting with persons who had a better understanding of him and his problems. In Maine, this is simply not the case. He feels uncomfortable at his AA meetings and at the GBLT meetings, he is not allowed to arrive early or stay late and has been unable to make any significant connections.

Mr. Shields feels extremely isolated in Maine and without access to people, therapists, or resources to help him. This is a feeling he did not have in Boston. While Mr. Shields is not in any danger to reoffend, I think all involved can agree that it is not healthy for him to feel isolated, potentially depressed, and without the appropriate therapeutic outlets to deal with his issues. Mr. Shields needs a good support network like what he was getting in Boston.

Through his treatment, Mr. Shields has been taught to recognize problematic situations and address any issues they present long before they turn into a more serious

2

problem. He, more than anyone, knows that what he is getting in Maine will, in the long run, evolve into a more drastic situation. Everyone wants Mr. Shields to succeed. It makes little sense to ignore his request for help.

My understanding is that in order to have his probation transferred, he first needs to make a formal request. Please consider this that request. If Probation is not inclined to transfer his case to Boston, please notify me as soon as possible so we can file something with the Court.

Please feel free to contact me with any questions.

Sincerely,

John Swomley

cc:   Jeff Smith, US Probation Boston
      AUSA Mark Grady
      AUSA Eve Stacey
      Judge Patti Saris